UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

          Plaintiff,

   v.

SUCA INVESTMENTS, INC., a
Hawaii corporation; and
WORLD OF GOOD TASTES, INC.,

          Defendant.
                             /

NO. CIV. S-05-523 LKK/GGH

O R D E R

    A Status Conference was set for May 31, 2005 in the above-captioned case.  Neither party filed status reports as required by the court's Order Setting Status Conference.  On May 25, 2005, the court ordered the parties to show cause why sanctions should not issue for their failure to timely file status reports.

    The court is in receipt of defendant World of Good Tastes, Inc.'s response.  Defendant explains that it did not file a status report because it was never served with the order setting status, so did not have notice of the conference or the deadline for the

1

status report.[1]

The court is also in receipt of plaintiff's response. Plaintiff states that he did not file a report due to an oversight in reviewing the order setting status conference and that he was hospitalized and bedridden during the week the report was due. While the court does not find it appropriate to sanction plaintiff in this instance, the court reminds plaintiff that under Fed. R. Civ. P. 6, it may have been appropriate to request an extension to file the Status Report.  Such an extension would have allowed plaintiff to avoid violating the court's order, which will be viewed with much less tolerance hereinafter.

The court hereby DISCHARGES the order to show cause filed on May 25, 2005.

IT IS SO ORDERED.

DATED:   June 13, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Defendant also explains that it had not yet appeared when the Status Report was due and that plaintiff has now dismissed the case.  The court admonishes counsel that although it had not appeared, it was still required to comply with the court's order to show cause.  Furthermore, the court docket reflects that the case was dismissed subsequent to the status, thus the dismissal does not bear on the requirement to file a status report.